T.C. Summary Opinion 2005-37


UNITED STATES TAX COURT


LIONEL BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7461-04S.                    Filed March 30, 2005.


Lionel Brown, pro se.

<u>Mindy S. Meigs</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect at the time that the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner. Pursuant to section 6330(d), petitioner seeks review of respondent's determination to proceed with collection of his income tax liabilities for 1997 and 2000. The issue for decision is whether respondent's Appeals officer abused her discretion in sustaining a proposed levy to collect petitioner's unpaid income tax liabilities for 1997 and 2000.

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Glendora, California, at the time the petition was filed.

## Background

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 1997 reflecting a tax liability of $7,135, but failed to pay the liability in full. Respondent assessed the tax as well as an addition to tax for failure to pay tax of $7.32 and credited petitioner's account for Federal withholding taxes of $4,449. Including interest, petitioner's outstanding tax liability for 1997 was $2,532.61 as of the date of the Notice of Intent to Levy. Petitioner has not made any other payments toward his liability for 1997.

Petitioner timely filed a Form 1040 for 2000 reflecting a tax liability of $11,976, but he failed to pay the liability in full. Respondent assessed the tax as well as an addition to tax for failure to pay tax of $8.80 and credited his account for Federal withholding taxes of $10,215. Respondent also credited $500 to petitioner's account for the Immediate Tax Relief Credit on August 6, 2001. Including interest, petitioner's outstanding tax liability for 2000 was $1,635.36 as of the date of the Notice of Intent to Levy. Petitioner has not made any other payments toward his liability for 2000.

Respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, that, among other things, informed petitioner that respondent intended to levy to collect the 1997 and 2000 liabilities and that petitioner could request a hearing with respondent's Appeals Office. Petitioner submitted a timely Form 12153, Request for a Collection Due Process Hearing (hearing).

1. Petitioner's Hearing

Respondent's Appeals Officer, Janet E. Spaulding (Ms. Spaulding), held a hearing with petitioner via telephone. During the hearing, petitioner requested that Ms. Spaulding consider the 1988, 1998, and 1999 tax years, in addition to 1997 and 2000.

Ms. Spaulding informed petitioner that she could not consider the 1988 year because a lien for that year was filed in

1995. She could not consider the 1998 and 1999 years because petitioner had previously received a hearing for those years in September 2001.

During the hearing, petitioner also requested that Ms. Spaulding consider collection alternatives to the proposed levy. They discussed an installment agreement, but petitioner said he could not afford the payments because he had been suspended from his teaching position and was unemployed at the time. Ms. Spaulding also discussed an offer in compromise, but petitioner said he did not believe that it was a viable option because several offers he had submitted in the past had been rejected and he did not have the funds to submit another offer in compromise.

The final option Ms. Spaulding discussed with petitioner was placing his account in "currently not collectible" status. In order to facilitate this classification, Ms. Spaulding asked petitioner to complete and submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. She also requested a statement from his employer that he was not currently working for them and bank statements to verify his income.

On at least four separate occasions, Ms. Spaulding requested that petitioner complete and submit the forms. Petitioner did not submit the completed documentation.

Respondent issued to petitioner a notice of determination that sustained the proposed use of a levy to collect petitioner's unpaid Federal income tax liabilities for taxable years 1997 and 2000. In the notice of determination, respondent concluded that petitioner had not verified that he qualifies for currently not collectible status or any other type of collection alternative.

2. The Petition and Motion

Petitioner submitted to this Court a timely petition appealing respondent's determination. Therein, petitioner specified that he does not challenge the amount of the underlying tax liabilities. He challenges the "appropriateness of collection actions based on circumstances, etc" and the "offers of collection alternatives as listed without reference to the law as written and efforts to settle by citizen (L Brown)(sic)."

Respondent moved for summary judgment. The Court ordered respondent's motion set for hearing at the call of the calendar in Los Angeles. After the hearing, the Court denied respondent's motion for summary judgment.

## Discussion

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If the person makes a request for a

hearing, a hearing shall be held before an impartial officer or employee of the IRS Office of Appeals.  Sec. 6330(b)(1), (3).

At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  Additionally, a taxpayer may contest the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following the hearing, the Appeals Office must make a determination whether the proposed levy action may proceed.  In so doing, the Appeals Office is required to take into consideration the verification presented by the Commissioner, the issues raised by the taxpayer, and whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330(d).  If the underlying tax liability is properly at issue, the Court reviews that issue de novo.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 181 (2000).

Petitioner did not receive a notice of deficiency for 1997 or 2000 because respondent assessed the amounts of tax petitioner reported on his tax returns. The underlying tax liabilities, however, are not properly at issue in this case because petitioner did not raise them at his hearing and he specified in the petition filed with this Court that he did not dispute the amounts of those liabilities.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the administrative determination of the Appeals Office for abuse of discretion as to the matters raised in the petition. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-183. An abuse of discretion occurs when an officer takes action that is arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner "challenges the appropriateness of collection actions based on circumstances, etc.," and the "offers of collection alternatives as listed without reference to the law as written and efforts to settle by citizen (L Brown)(sic)." Petitioner discussed collection alternatives, but failed to provide any documentation or information regarding his financial situation with which the Appeals officer could ascertain the appropriateness of those alternatives. Petitioner did not

present any evidence at trial that the Appeals officer failed to consider collection alternatives or failed to apply the appropriate law to petitioner's circumstances.

The record is devoid of any evidence establishing that respondent abused his discretion in determining to proceed with collection of petitioner's tax liabilities. On the record before us, the Court finds that respondent did not abuse respondent's discretion in making that determination.

The Court has considered all of petitioner's arguments and contentions that are not discussed herein relating to whether respondent may proceed with collection with respect to petitioner's taxable years 1997 and 2000, and the Court concludes they are without merit or irrelevant.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.